# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **INTERFACE IP HOLDINGS LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 6:19-cv-517** |
| **PUBLIC JOINT STOCK COMPANY «AEROFLOT – RUSSIAN AIRLINES»,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, Interface IP Holdings LLC ("Interface IP"), makes the following allegations against Defendant Public Joint Stock Company «Aeroflot – Russian Airlines» ("Aeroflot" or "Defendant"):

## THE PARTIES

1.     Plaintiff Interface IP is a limited liability company duly organized and existing under the laws of Oregon, having its principal place of business in Bend, Oregon.

2.     On information and belief, Aeroflot is a foreign company having its principal place of business in Moscow, Russia.

## NATURE OF THE ACTION

3.     This is a civil action for the infringement of United States Patent Nos. 7,406,663 ("the '663 patent") and 7,500,201 ("the '201 patent") (collectively, "the Patents-in-Suit") under the Patent Laws of the United States 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq.*

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Defendant is not a resident of the United States.

6.      On information and belief, Defendant is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its business in this forum, including (i) at least a portion of the infringements alleged herein; and (ii) directly and/or through subsidiaries or intermediaries, regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving revenue from goods and services provided to individuals in Texas and in this District.  In addition, or in the alternative, this Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

## THE PATENTS-IN-SUIT

7.      On July 29, 2008, the '663 patent, titled "Graphical Input Device With Dynamic Field Width Adjustment For Input Of Variable Data Via A Browser-Based Display," was duly and lawfully issued by the USPTO.  The '663 patent is attached hereto as Exhibit A.

8.      On March 3, 2009, the '201 patent, titled "Data Input Method And System With Multi-Sub-Field Matching Of User Entries Into A Graphical Input Device," was duly and lawfully issued by the USPTO.  The '201 patent is attached hereto as Exhibit B.

9.      Interface IP owns the '663 and '201 patents and holds the right to sue and recover damages for infringement thereof, including past infringement.

## BACKGROUND

10.     The chief inventor of the '663 and '201 patents, Varda Treibach-Heck, is a prolific inventor with a portfolio of seven diverse patents.

11.     Filing and receiving seven patents—some of which Ms. Treibach-Heck prosecuted personally at the USPTO—represents a significant level of dedication and perseverance.

12.     Ms. Treibach-Heck is entitled to license her patents.

13.     Ms. Treibach-Heck founded Interface IP to ethically license her many inventions.

14.     Interface IP relies on patent protection to effectively license its technology. On information and belief, Aeroflot equally depends on patents to protect its assets.

15.     On September 26, 2016, Interface IP informed Aeroflot that several of its website search boxes were infringing Interface IP's patent rights.

16.     Aeroflot, on May 17, 2019, sent Interface IP a written (and fully translated) patent license agreement that included a license to the Patents-in-Suit.

17.     Aeroflot has not signed the patent license agreement and properly obtained permission to use Ms. Treibach-Heck's inventions.

18.     Licensees of the Interface IP patent portfolio include the majority of international airlines worldwide—and all major airlines in the U.S. using Interface IP's technology. On information and belief, Aeroflot seeks to use the same licensed technology paid for by dozens of airlines and travel sites worldwide without properly acquiring permission from Interface IP.

## <u>COUNT I: INFRINGEMENT OF THE '663 PATENT</u>

19.     Paragraphs 1-18 are incorporated by reference as if fully restated herein.

20.     The '663 patent is valid and enforceable under United States Patent Laws.

21.     Defendant has directly infringed at least claim 1 of the '663 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by using and/or operating one or more graphical input devices on its website that practiced at least claim 1 including, for example, the graphical input device at https://www.aeroflot.ru/us-en shown below:

 

22.     Defendant has indirectly infringed the '663 patent under 35 U.S.C. § 271(b), literally and/or under the doctrine of equivalents, by actively, knowingly, and intentionally inducing infringement of the '663 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties).

23.     On information and belief, Defendant has been aware of the '663 patent since September 26, 2016, or at the latest by August 23, 2017.

24.     After Defendant was on notice of the '663 patent, Defendant actively, knowingly, and intentionally induced infringement of the '663 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties) by using and/or operating one or more graphical input devices on its website that practiced at least claim 1 of the '663 patent including, for example, the graphical input device at https://www.aeroflot.ru/us-en, knowing of the '663 patent, knowing that others would use and/or operate its website in an infringing manner, and knowing and intending to encourage and facilitate those infringing uses and/or operations of its website through the creation and/or dissemination of promotional and marketing materials, including links to its website.

25.     On information and belief, through Defendant's policies or practices of not investigating whether its products and services infringe the patents of others, Defendant intentionally took steps to avoid learning the extent of its infringement of the '663 patent.

26.     Defendant's infringement has been willful and deliberate, entitling Interface IP to additional damages.  Defendant has engaged in reckless conduct despite an objectively high likelihood that its actions constituted infringement of a valid patent.

27.     Interface IP has been damaged by Defendant's infringement of the '663 patent.

## **COUNT II: INFRINGEMENT OF THE '201 PATENT**

28.     Paragraphs 1-27 are incorporated by reference as if fully restated herein.

29.     The '201 patent is valid and enforceable under United States Patent Laws.

30.     Defendant has directly infringed, and continues to directly infringe, at least claim 8 of the '201 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by using and/or operating, on its website, input fields of one or more Graphical User Interfaces that have the appearance of a defined drop-down menu and that practice at least claim 8 of the '201 patent including, for example, the input field of the Graphical User Interface at https://www.aeroflot.ru/us-en shown below:



31.     Defendant has indirectly infringed and continues to indirectly infringe the '201 patent under 35 U.S.C. § 271(b), literally and/or under the doctrine of equivalents, by actively, knowingly, and intentionally inducing infringement of the '201 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties).

32.     On information and belief, Defendant has been aware of the '201 patent since September 26, 2016, or at the latest by October 21, 2016.

33.     Since Defendant has been on notice of the '201 patent, Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '201 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties) by using and/or operating, on its website, input fields of one or more Graphical User Interfaces that have the appearance of a defined drop-down menu and that

practice at least claim 8 of the '201 patent including, for example, the input field of the Graphical User Interface at https://www.aeroflot.ru/us-en, knowing of the '201 patent, knowing that others will use and/or operate its website in an infringing manner, and knowing and intending to encourage and facilitate those infringing uses and/or operations of its website through the creation and/or dissemination of promotional and marketing materials, including links to its website.

34.     To date, on information and belief, Defendant continues the relevant operations of its website and has not provided its customers and/or users of its website instructions on how to avoid infringement since Defendant had notice of the '201 patent.  Defendant continues to disseminate the same promotional and marketing materials, including links to its website, as before.

35.     On information and belief, through Defendant's policies or practices of not investigating whether its products and services infringe the patents of others, Defendant intentionally took steps to avoid learning the extent of its infringement of the '201 patent.

36.     Defendant's infringement has been and continues to be willful and deliberate, entitling Interface IP to additional damages.  Defendant has engaged in reckless conduct despite an objectively high likelihood that its actions constituted infringement of a valid patent.

37.     Interface IP has been and continues to be damaged by Defendant's infringement of the '201 patent.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Interface IP respectfully requests that this Court enter judgment against Defendant as follows:

a)   adjudging that the Defendant has infringed, literally or under the doctrine of equivalents, the Patents-in-Suit;

b)   adjudging that Defendant's infringement of the Patents-in-Suit is willful;

c)   awarding Interface IP the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's infringement;

d)  adjudging that this case is exceptional under 35 U.S.C. § 285 and awarding Interface IP attorneys' fees, costs, and expenses that it incurs in prosecuting this action;

e)  awarding Interface IP pre-judgment and post-judgment interest on its damages; and

f)  awarding Interface IP such other and further relief in law or equity that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Interface IP hereby respectfully demands a trial by jury on all claims and issues so triable.

Dated: September 3, 2019                              Respectfully submitted,

By: _/s/ Bradford J. Black_____

Bradford J. Black
Texas Bar No. 24086243
BRADFORD BLACK P.C.
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Email: bblack@bradfordblack.com
Tel: (415) 813-6210
Fax: (415) 813-6222

Matt Olavi
Texas Bar No. 24095777
OLAVI LAW P.C.
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Email: molavi@olavilaw.com
Tel: (512) 717-4485
Fax: (512) 717-4495

**ATTORNEYS FOR PLAINTIFF**